JUDGE ELLIOTT
delivered the opinion oe the court.
Ah act of the legislature, passed many years ago, gave to the trustees of the town of Eminence the power to license taverns, groceries, restaurants, coffee-houses, etc., and by an act approved March 16, 1869, they were authorized to issue licenses to all coffee-houses, restaurants, etc., within a half mile of the town of Eminence.
On the 10th of August, 1874, the trustees of the town of Eminence granted to appellant and a Mr. Harris coffee-house license, with the privilege of selling liquors at a booth on the fair-grounds near the town, and appellant, by direction of the trustees, paid the license due the town ($15) and the $50 due the state, to the clerk of the board of trustees, who proved that he offered to pay the sum so received for the state to the auditor of state, who refused to receive the money; and that he afterward paid it to the trustee of the jury fund for Henry County; and the appellee insisted that the license to appellant was void, because the $50 due the state was not paid to the person authorized to receive it.
By the General Statutes, page 579, it is provided that “it shall be the duty of all civil officers or others having fines and forfeitures or other funds in their hands belonging to said fund (meaning the jury fund) to pay the same to the trustee of the jury fund as soon as received. They shall make their settlement up to and on the first day of each circuit court.” It is also provided that “ a license to keep a tavern shall be granted in the mode prescribed by law regulating taverns and tavern-keepers. All other licenses, except coffee-house licenses and licenses to merchants to retail spirituous liquors, shall be granted by the county court clerk under his seal of office.”
*306 “A license granted by a town or city having authority to grant the same shall be void and no protection to any person for any purpose unless the state tax required by law be paid before the grant thereof.” (See General Statutes, 713.)
The statute does not direct to whom the state tax on a coffee-house license, when granted by the board of trustees, shall be paid; but it does require the same to be paid before the granting of the license; and by clear implication a payment to the authority granting the license is proper, for unless the tax was paid into the court granting the privilege it could not know whether it had been paid at all, unless the law had directed to whom it should be paid, and what evidence of the payment should be produced to the court granting the license.
The statute directs that before a merchant can sell liquor by retail he must procure a license from the county court, and pay a tax-fee therefor, but it does not direct to whom he shall pay it, but it has always been the custom to pay it to the clerk of the court. In other words, when a statute grants the power to any court or other tribunal to grant a license to the citizen to carry on any business, the carrying on of which is taxed by the state, the plain implication to our minds is, that the power to issue the license and require the tax to be paid, carries with it the right to receive it, unless the law has directed specially to whom it shall be paid.
We are therefore of opinion that when the county court grants a license to a tavern-keeper, coffee-house keeper, or merchant,-the state tax should be paid to its clerk, but that when the authority to grant the license involved in this appeal was vested in the trustees of the town of Eminence, the right to receive the tax therefor followed by implication, and that therefore the payment of the same to the clerk of the board of' trustees was proper, and it was his duty, under .the-law, to report the amount thereof to the trustee of the *307 jury fund by the next term of the circuit court of Henry County.
Wherefore the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.